BOILER CONSTRUCTION AND REPAIR COMPANY, INC., Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, CAGUAS PART, RAÚL TORRES GONZÁLEZ, JUDGE, Respondent; LEOPOLDO BELÉN DE JESÚS and JUANA MELESIO, Interveners.

No. O-71-149.     Decided May 31, 1972.

*Beverley, Rodríguez, Estrella & Pesquera* and *Gerónimo Llube-ras Kells* for petitioner. *Rafael S. Rivera* and *Salomón Levis* for interveners.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

On January 18, 1971, Leopoldo Belén de Jesús and Juana Melesio filed a complaint before the Superior Court, Caguas Part against Boiler Construction and Repair Co., Inc., Ramón Ríos, Jr., Evans Ford, and Consolidated Insurance Agency, Inc., claiming damages resulting from an automobile accident which occurred on January 18, 1970.

In the said complaint they alleged, insofar as pertinent to the question to be decided, the following:

"1. That on January 18, 1970, at about five forty in the afternoon, coplaintiff Leopoldo Belén de Jesús, was travelling in a Ford Pickup Truck 1969 Model, License Plate 165-849, that vehicle being the property of Evans Ford of Arecibo, and the same having been rented on the date of the events to Boiler Construction and Repair Co., firm for which coplaintiff Leopoldo Belén de Jesús worked, the said vehicle being driven by co-defendant Ramón Ríos, Jr.

"2. That while travelling along Road No. 181 from San Lorenzo to Gurabo and upon reaching kilometer 3 of the road, upon going to take a curve the said vehicle skidded when the driver used the brakes all of a sudden, colliding against another vehicle and then the aforementioned Ford vehicle turning over.

"3. That the said accident occurred solely and exclusively on account of the gross and wanton negligence of the driver Ramón Ríos, Jr., in driving the said vehicle at a high speed without taking into consideration the condition of the road, nor its width, and of Boiler Construction & Repair Co., for having authorized the coplaintiff, Ramón Ríos, Jr., to drive that vehicle and the latter acting either as express or implied agent of the mentioned company, and of Evans Ford, owner of the said Ford vehicle, and of Employers Assurance Liability Co. for being the insurer of the vehicle object of this accident the said policy providing coverage for the amounts claimed in this complaint."

The codefendant Boiler Construction and Repair Co. filed a motion for summary judgment in which it alleged that between said codefendant and coplaintiff Leopoldo Belén de Jesús, and codefendant Ramón Ríos there existed the relation of employer and employees, the firm being an employer insured under the State Insurance Fund and thus it was on the date of the accident; that therefore its workers and employees have no other remedy at law than their claim against the State Insurance Fund; that on March 1, 1971, the Manager of the Insurance Fund granted a compensation in the amount of $1,280.10 to coplaintiff Leopoldo Belén de Jesús; that the said Manager has not exercised his right to subrogate himself in the worker's rights as required by law, the complaint being, therefore, premature inasmuch as it was filed when the coplaintiff knew that he was under treatment and supervision by the State Insurance Fund.

This motion for summary judgment was accompanied by a photocopy of the decision rendered by the Manager of the State Insurance Fund on March 1, 1971, and by a sworn statement of the president of Boiler Construction Repair Co., Earl B. Rice, in which the latter states the following:

"That as president of Boiler Construction and Repair Co., Inc., I set forth in this Sworn Statement, that coplaintiff, Leopoldo Belén de Jesús, as well as Ramón Ríos, Jr., were employees of the firm at the time that the alleged accident occurred in the road from Gurabo to San Lorenzo.

"That as president of Boiler Construction and Repair Co., Inc., I state that we maintain in force and effect a policy under the State Insurance Fund, number 42,010, by which all the employees that appear in our payrolls for the corresponding quarters are covered." (Exhibit F.)

The coplaintiff opposed the motion for summary judgment alleging certain facts which he did not substantiate with sworn documents or statements.

The motion having been discussed, the court entered an order on May 25, 1971, denying the motion for summary judgment on the ground that a genuine controversy of fact exists with respect to whether two different accidents are involved.

We issued a writ of certiorari to review the aforementioned order.

Petitioner assigns that the trial court erred, 1) "in not taking into consideration the fact inferred from the face of the complaint itself, that it concerns a workman's claim against his employer who is insured by the State Insurance Fund"; 2) in not holding that the only remedy which a workman has against an insured employer is that provided by Title 11 of the Laws of Puerto Rico Annotated, § 21, 3) in not determining that the action was filed prematurely, 4) in not deciding that the summary judgment lied, 5) in denying it with a mere motion of opposition by the attorney for the adverse party without said opposition being supported by opposing affidavits.

▆▆▆▆ If a workman suffers an accident covered by the "Workmen's Accident Compensation Act" while working for an insured employer, the right established by this act to obtain compensation is the only remedy against the employer. Section 20 of the Act (11 L.P.R.A. § 21); *Onna* v. *The Texas Co.,* 64 P.R.R. 497 (1945); *De Jesús* v. *Osorio,* 65 P.R.R. 601 (1946); *Báez* v. *Commonwealth,* 87 P.R.R. 62 (1963); *Montes* v. *State Insurance Fund,* 87 P.R.R. 187 (1963). It

is proper, therefore, to decide if, pursuant to the allegations and documents accompanying the motion for summary judgment, codefendant Boiler Construction and Repair Co., Inc., established, without it being controverted, the fact that the accident alleged in the complaint is one covered by the Workmen's Accident Compensation Act and for which plaintiff had been compensated by the State Insurance Fund, in which case the summary judgment in its favor lies as a matter of law.

■ We have repeatedly said that when a motion for summary judgment has been filed on the ground of sworn statements or documents admissible in evidence, the opposing party cannot remain idle and rely on the allegations if it wants to defeat the motion for summary judgment; but we have also said that the party moving for summary judgment has the burden of showing that there is no issue as to any material fact and that he is entitled to judgment as a matter of law. *Cortés* v. *Heirs of Cortés*, 83 P.R.R. 660 (1961). Coplaintiff relied on the allegations of the complaint and on those of his unsworn opposition to the motion for summary judgment. Nevertheless, we must examine the allegations, as well as the document and the sworn statement produced by the Boiler Construction and Repair Co. to determine whether the latter showed that there is no issue as to any material fact and that the judgment lies as a matter of law.

In the complaint it is alleged that on January 18, 1970 at about 5:40 p.m. coplaintiff Leopoldo Belén de Jesús was travelling in a motor vehicle owned by Evans Ford of Arecibo, "the same having been rented on the date of the events to Boiler Construction and Repair Co., *firm for which coplaintiff Leopoldo Belén de Jesús worked, . . . .*" (Italics ours.) This allegation does not establish the fact that the accident suffered by coplaintiff is one covered by the Workmen's Accident Compensation Act. What the said allegation means is that on the date of the accident coplaintiff was an

employee of the petitioner, Boiler Construction and Repair Co.

■ For an accident suffered by a workman or an employee to be compensable by the State Insurance Fund, it is necessary that the accident be the result of an act or function inherent in his work or employment and must have occurred during the course of employment or as a consequence of same. Section 2 of the Workmen's Accident Compensation Act; *Cardona* v. *Industrial Commission*, 56 P.R.R. 813 (1940); *Montaner, Mgr.* v. *Industrial Commission*, 53 P.R.R. 187 (1938). None of these three requirements has been alleged in the complaint. Neither can it be inferred from the complaint that coplaintiff was travelling while engaged in activities for the benefit of his employer. At the most it could be inferred that he was travelling while returning home from his work but it is well known that the injuries sustained in accidents while going to or coming from work are not ordinarily compensable. *Atiles, Mgr.* v. *Industrial Commission*, 72 P.R.R. 390 (1951).

We have copied the contents of the sworn statement of the President of the Boiler Construction and Repair Co. In it the deponent limited himself to set forth that at the time an alleged accident occurred on the road from Gurabo to San Lorenzo, Leopoldo Belén de Jesús as well as Ramón Ríos, Jr., were employees of the enterprise which he presides and that the said enterprise keeps in force a policy with the State Insurance Fund that covers all its employees.

■ Neither can it be concluded that in the said sworn statement the fact that the accident occurred while coplaintiff performed an act or function inherent in his employment, during the course thereof or as a consequence of same, is established and proved.

In fact, what is proved by the aforementioned sworn statement is the same thing that had been alleged in the complaint.

Let us examine finally the decision of the State Insurance Fund. The place of the accident is described as San Lorenzo, P.R., and in the space for the description of the accident it is said: "He alleges that he wounded his right ring finger with a wire brush." As to the injury suffered it is described thus: "Contusion left shoulder Rel. Fracture by avulsion of the major tuberosity of left humerus." The date of the accident is informed at 6/18/70.

Even though the place of the accident compensated by the Fund coincides with what is alleged in the complaint, the same does not happen with the description of the said accident nor with the date of the occurrence. So that there remain material facts in issue which should be elucidated in a plenary trial. One of these fundamental facts is whether the accident described in the complaint, irrespective of the fact of having occurred on one or the other of the dates alleged by the parties, is one covered by the Workmen's Accident Compensation Act. Additional evidence to that presented in the motion for summary judgment is required for a determination of this fact for which reason the trial court did not err in denying it.

The writ issued will be quashed and the case will be remanded for further proceedings.

Mr. Chief Justice Negrón Fernández and Mr. Justice Hernández Matos took no part in this decision.